# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| GORDON C. REID, | : | |
|---|---|---|
| Petitioner | : | CIVIL ACTION NO. 3:18-1018 |
| v | : | (JUDGE MANNION) |
| Warden DAVID EBBERT, | : | |
| Respondent | : | |

# **MEMORANDUM**

## **I.  Background**

Petitioner, Gordon C. Reid, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges his "placement in the Special Management Unit (SMU)". Id. Specifically, Reid contends that his "designation to the SMU violated his right to due process where prison officials relied upon information disqualified by BOP Program Statement and/or Code of Federal Regulations to establish a basis for designating him to the SMU." Id. Reid complains that his disciplinary history was used towards criteria to place him in the SMU, and that he was not provided a copy of the Hearing Administrator's Report until his transfer to the SMU, and that his unit staff provided ineffective guidance on what appeal

authority existed within the Bureau of Prisons to submit an appeal regarding his assignment to the SMU. Id.  For relief, he seeks "release from the SMU, placement in general population as appropriate to Petitioner's custody and safety, reversal and expungement of the SMU designation in his record." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II.     Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Moreover, in Levi v. Ebbert, 353 Fed. Appx. 681, 682 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit concisely stated that claims concerning the determination of a federal prisoner's custody level "do not lie at the 'core of habeas' and, therefore are not cognizable in a §2241 petition." The Court of Appeals observed that habeas corpus review should

not be undertaken because the custody classification claims asserted did not challenge the fact or length of the prisoner's confinement. See id. Levi also correctly noted that prisoners simply "have no constitutional right to a particular classification." Id. See also Schwarz v. Meinberg, 2011 WL 2470122 *2 (C.D. Ca. May 31, 2011) (custody classification claims by federal inmate not cognizable on habeas review).

In the instant case, Petitioner's challenge to his current custody classification is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains that his current custody classification is not in accordance with BOP policy. This classification, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1]

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

action. A claim concerning the determination of custody classification does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Moreover, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Consequently, the petition will be dismissed without prejudice to any right Reid may have to reassert his claim in a properly filed civil rights complaint.

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 13, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1018-01.wpd